# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

JOSEPH M. STEWART and
CARLA G. STEWART,

                           Plaintiffs,

v.                                                 CIVIL ACTION NO.   3:18-1236

CORNERSTONE PROPERTIES PLUS, LLC,
an Ohio limited liability company,
CORNERSTONE CONTRACTORS, INC.,
an Ohio corporation,
APPALACHIAN POWER COMPANY,
a corporation,

                           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss the Second Amended Complaint filed by Defendants Cornerstone Properties Plus, LLC and Cornerstone Contractors, Inc. (together "Cornerstone Defendants"). ECF No. 9. For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

According to the Second Amended Complaint, Plaintiffs allege the following events. On February 2, 2016, Plaintiffs entered into an agreement with Cornerstone Defendants to purchase land in Culloden, West Virginia. *Second Am. Compl.*, ¶ 6, ECF No. 7. Through the Cornerstone Defendants' agent, Plaintiffs closed on the purchase of the property on May 11, 2016. *Id.* ¶ 9. Prior to the sale of this land and while in their control, Cornerstone Defendants learned the value and habitability of the land was adversely impacted by surface water runoff. *Id.* ¶ 12. Cornerstone Defendants failed to disclose this issue to Plaintiffs prior to the sale, and discovery of this was

made unascertainable by overgrowth on the land which, alternatively, Cornerstone Defendants allowed so as to fraudulently conceal the issue. *Id.* ¶¶ 13–16. Plaintiffs filed the instant action for fraud and failure to disclose, which was removed to this Court by Defendants on August 16, 2018. ECF No. 1. Plaintiffs subsequently filed the Second Amended Complaint, (ECF No. 7), and Cornerstone Defendants now move for its dismissal. ECF No. 9.

## II. LEGAL STANDARD

When addressing a 12(b)(6) motion to dismiss, courts must look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id.*

When alleging fraud as a cause of action, a complaint must do so with particularity. FED. R. CIV. P. 9(b). In order to comply with Rule 9(b), a plaintiff must ordinarily plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted). However, the Fourth Circuit warn that courts

"should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.*

### III. DISCUSSION

Cornerstone Defendants claim Plaintiffs' Second Amended Complaint fails to state a claim for fraud with sufficient particularity and fails to assert more than conclusory allegations as to the claim for failure to disclose.[1] *Mem. Supp. Mot. Dismiss*, at 6, 12, ECF No. 10. However, a plain reading of the Second Amended Complaint reveals the deficiencies claimed by Cornerstone Defendants do not exist.

*A. Fraud*

A claim of fraud must normally contain "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784. "Fraud may be premised upon the willful non-disclosure of material information." *Johnston v. CitiFinancial, Inc.*, No. 5:17-03249, 2017 WL 4445983, at *3 (S.D. W. Va. Oct. 5, 2017).

---

[1] Cornerstone Defendants also move to dismiss Plaintiffs' claims for "breach of fiduciary duty" and "breach of contract." *Mem. Supp. Mot. to Dismiss*, at 9–11, ECF No. 10. However, Plaintiffs state—and the Court agrees—that no such claims were alleged. *Resp. to Mot. to Dismiss,* at 5, ECF No. 13. As such, the Court need not address any arguments on these matters and any motion pertaining to these is **DENIED.**

Moreover, Cornerstone Defendants move to dismiss other parts of the Second Amended Complaint that were not listed as a cause of action. Specifically, they ask the Court to dismiss "claims" for "joint venture" and "civil conspiracy." *Mem. Supp. Mot. to Dismiss*, at 14–16. These are not claims for relief, but theories of liability. *See Holmes v. Runyan & Assoc., Inc.*, No. 2:09-0679, 2010 WL 2218698 (S.D. W. Va. June 2, 2010). Here, Plaintiffs discuss a joint venture and civil conspiracy as vehicles for their claims of fraud and failure to disclose. Similar to the breach of contract and fiduciary duty claims, the Court need not address these arguments and the motion as it pertains to these is **DENIED.**

Here, Plaintiffs allege that Cornerstone Defendants entered into a purchase agreement with them on February 2, 2016 for property located at 1 Lucian Lane in Culloden, West Virginia. *Second Am. Compl.*, ¶ 6. Those parties then closed on that purchase on May 11, 2016 with the Cornerstone Defendants' agent, Stephen T. Manns. *Id.* ¶ 9. During those times, Cornerstone Defendants are alleged to have willfully failed to disclose surface and ground water runoff in excess of normal conditions, which in turn adversely effected Plaintiff's construction endeavors. *Id.* ¶¶12–16. Implicit in the Second Amended Complaint is the allegation that Cornerstone Defendants acquired knowledge of this issue when they controlled the property prior to the sale and allowed defects to be fraudulently concealed by intentional overgrowth of flora. *Id.* ¶ 13.

With the facts of time, location, place, and people involved listed in the four corners of the Second Amended Complaint,[2] Plaintiffs have sufficiently pleaded fraud under the heightened standard of Rule 9(b). Moreover, Plaintiffs have satisfied the purpose of the rule, as Cornerstone Defendants are certainly aware of the particular circumstances for which they will be required to prepare a defense at trial and Plaintiffs have the appropriate prediscovery knowledge of the fraud they have alleged. Accordingly, the motion to dismiss as it pertains to the claim for fraud is **DENIED**.

---

[2] Cornerstone Defendants implore the Court to consider sections of the Purchase Agreement when ruling on this motion. *Mem. Supp. Mot. to Dismiss*, at 8 n.1. However, this is beyond the scope of the Court's consideration in a motion to dismiss, and Plaintiffs' claims are not based upon the Purchase Agreement. While the Court may consider exhibits attached to a complaint when considering a 12(b)(6) motion, it is greatly limited to when it can consider exhibits attached to the motion itself. *See Garvin v. World Color Printing (USA) II Corp.*, No. 3:10-74, 2011 WL 13133854, at *2 (N.D. W. Va. Feb. 23, 2011) (The Fourth Circuit limits the consideration of these exhibits "to cases in which: (1) the plaintiff selectively quotes a document in the complaint without providing its full context and (2) the defendant presents the document in its entirety." (citing *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 156 (4th Cir. 2009)). As such, the Court looks only to the Second Amended Complaint.

*B. Failure to Disclose*

Under West Virginia law, sellers of land have a duty to disclose known defects which affect the value and habitability of the property, and those defects are not revealed by a reasonable inspection. *Thacker v. Tyree*, 297 S.E.2d 885, Syl. (W. Va. 1982).

Plaintiffs allege that prior to the sale of the land, and absent the intentional overgrowth of brush and trees, water runoff and flooding issues were easily ascertainable by Cornerstone Defendants. *Second Am. Compl.*, ¶ 13. Affording Plaintiffs all reasonable inferences, they allege that the ensuing overgrowth, whether intentional or not, rendered discovery of the adverse conditions on the land impossible with a reasonably diligent inspection. *Id.* Contrary to Cornerstone Defendants' argument, these are factual statements supporting the claim of "failure to disclose," and not conclusory allegations. These factual allegations are presumed as true for purposes of the motion, and the motion to dismiss this claim is **DENIED**.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Cornerstone Defendants' Motion to Dismiss the Second Amended Complaint. ECF No. 9.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER: August 8, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE